**DAYTON BAR ASSOCIATION *v.* NOWICKI**.

[Cite as *Dayton Bar Assn. v. Nowicki,* **133 Ohio St.3d 74, 2012-Ohio-3912.**]

*Attorneys—Misconduct—Failure to represent client with reasonable diligence—*
*Six-month suspension stayed on conditions including restitution.*

(No. 2012-0276—Submitted March 7, 2012—Decided September 4, 2012.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and
Discipline of the Supreme Court, No. 11-082.

_____

**Per Curiam**.

{¶ 1} Respondent, Griff M. Nowicki of Huber Heights, Ohio, Attorney Registration No. 0071849, was admitted to the Ohio bar in 2000. On October 10, 2011, relator, Dayton Bar Association, filed a complaint alleging that Nowicki had agreed to represent Shannon M. Millhoff in a civil matter but failed to prepare for the trial, enter an appearance on Millhoff's behalf, and timely file objections to the magistrate's decision and also failed to timely appeal the judgment against his client. As a result of Nowicki's failures, an $8,262.94 judgment was entered against the client.

{¶ 2} The parties have submitted a consent-to-discipline agreement pursuant to BCGD Proc.Reg. 11. In that agreement, they stipulate that the operative facts as alleged in the complaint are true and that Nowicki's conduct violated Prof.Cond.R. 1.3 (requiring a lawyer to act with reasonable diligence in representing a client).

{¶ 3} The parties stipulate to the following aggravating factors: (1) Nowicki received an attorney-registration suspension for his failure to timely register for the 2005-2007 biennium, *In re Attorney Registration Suspension of Nowicki*, 107 Ohio St.3d 1431, 2005-Ohio-6408, 838 N.E.2d 671, although his

license was reinstated just five days later, *In re Nowicki*, 107 Ohio St.3d 1705, 2006-Ohio-13, 840 N.E.2d 209, and (2) Nowicki's misconduct and the resulting judgment caused extreme financial hardship for Millhoff, a single mother supporting three young children. *See* BCGD Proc.Reg. 10(B)(1)(a) and (h).

{¶ 4} And as to mitigating factors, they stipulate that Nowicki has (1) instituted a more thorough process to document communications with his clients, (2) started using an online calendar in addition to a paper calendar, (3) adopted a process to digitize all documents received by his office, (4) joined a law firm that will provide additional staff and resources to avoid oversights, and (5) has obtained the release of garnishment, paid Millhoff $400, agreed to pay Millhoff an additional $2,142.36 in monthly installments of $250, and made arrangements to satisfy the remainder of the judgment.

{¶ 5} Based upon the foregoing, the parties stipulate that Nowicki should be suspended from the practice of law for six months, all stayed on the conditions that he reimburse Millhoff $2,142.36 in monthly installments of at least $250 and satisfy the remainder of the judgment against her.

{¶ 6} A panel of the Board of Commissioners on Grievances and Discipline reviewed the consent-to-discipline agreement. Observing that the parties' stipulated sanction was consistent with sanctions imposed by this court for similar misconduct, the panel and board recommend that we adopt the agreement. *See, e.g., Cuyahoga Cty. Bar Assn. v. Drain*, 120 Ohio St.3d 288, 2008-Ohio-6141, 898 N.E.2d 580 (imposing a six-month suspension, all stayed on conditions, on an attorney who neglected a client's matter by failing to adequately prepare and missing the statute of limitations for her claim).

{¶ 7} Having considered Nowicki's misconduct, the aggravating and mitigating factors listed in BCGD Proc.Reg. 10, the sanctions we have imposed for similar misconduct, and the recommendations of the panel and board, we accept the parties' consent-to-discipline agreement.

{¶ 8} Accordingly, Griff M. Nowicki is hereby suspended from the practice of law for six months, all stayed on the conditions that he reimburse Millhoff $2,142.36 in monthly installments of at least $250, with payment to be completed within six months of this judgment, and satisfy the remainder of the judgment against her. If Nowicki fails to comply with the conditions of the stay, the stay will be lifted and respondent shall serve the full six-month suspension. Costs are taxed to Nowicki.

Judgment accordingly.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Dunlevey, Mahan & Furry and David M. Rickert, for relator.

Griff M. Nowicki, pro se.

_____